# William Josiah McMeen, Plff. in Err., v. Commonwealth of Pennsylvania.

On a motion for a reargument the court will consider only the record properly before the court for review.

An *ex parte* affidavit, made after the judgment is affirmed, will not be considered.

(Filed March 14, 1887.)

Motion for reargument of a writ of error to the Oyer and Terminer of Juniata County to review a conviction of murder in the first degree. Refused.

The original opinion affirming the judgment below is reported in 114 Pa. 300, 9 Atl. 878.

On a motion for reargument (*B. F. Junkin* and *George Jacobs* appearing for the motion), the affidavit of Dwight Mead, made since the judgment was affirmed, was presented.

On the trial Mead testified, in substance, that he met the defendant in Harrisburg, at 9 o'clock A. M. on the day of his wife's death, and the defendant then told him that his wife was dead, and that he, the defendant, had received a telegram to that effect. As a fact, the defendant could not have received any communication about it at that time in the day.

The affidavit presented on the reargument was to the effect that the affiant believed that he was mistaken as to the time of day when he met the defendant and conversed with him as stated in his testimony; that he was now convinced that it could not have been earlier than 11 or 12 o'clock.

The motion for reargument was disposed of as follows, February 21, 1887:

PER CURIAM:

A majority of the justices being opposed to a reargument of the case, it is refused.

On March 14, 1887, the following opinion was filed:

PER CURIAM:

It is proper to say that our action in refusing the motion for

NOTE.—This is a reargument of McMeen v. Com. 114 Pa. 300, 9 Atl. 878.

a reargument of this case was based solely upon what appears in the record of the court below, and not upon anything that has occurred since the trial in that court.

The *ex parte* affidavit of Dwight Mead, made since the judgment was affirmed, to the effect that, in his testimony on the trial, he was mistaken as to the time he met the prisoner in Harrisburg on the morning of his wife's death, etc., was not considered, for the reason that it is not a part of the record that was before us for review.